UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WYATT,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SUNDARAM,<br><br>    Defendant. | Case No.: 1:15-cv-00895-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Ricky Wyatt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctor Sundaram as the sole Defendant in this action.

On August 22, 2014, Plaintiff sustained an eye bone fracture and serious right shoulder injury as a result of an altercation. On this date, Plaintiff was transported to Mercy Hospital. Plaintiff received an x-ray for his eye fracture prior to arriving at Mercy Hospital, but Dr. Sundaram denied an initial MRI for his shoulder injury.

Plaintiff was approved for an MRI at Mercy Hospital, but the request was subsequently denied by Dr. Sundaram and Plaintiff was discharged from the hospital without treatment for his shoulder injury. Plaintiff was forced to write multiple medical forms requesting medical service, and it was only after Plaintiff filed an inmate grievance that his request for an MRI was approved.

Plaintiff was required to wear handcuffs behind his back at his medical examinations which caused serious pain and suffering, and placed Plaintiff in more imminent danger of further injury. Plaintiff developed frozen shoulder based on the initial denial of an MRI.

///

# III.

# DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff admits that he had surgery on December 18, 2014, but claims it was five months after his injury and he was in pain based on Dr. Sundaram's initial denial of an MRI on August 22, 2014. Plaintiff saw his primary care physician on August 26, 2014, and was told that an MRI was ordered. However, prison officials claim there is no mention of an MRI during that examination. The exhibits attached to Plaintiff's claim belie his claim that the initial denial of an MRI by Dr. Sundaram was in conscious disregard of an excessive risk to Plaintiff's health. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at 1082-83; Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this

3

course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As stated in the second level response to Plaintiff's inmate appeal,

> Review of your records revealed that the CME did not deny a request for a MRI related to the shoulder injury sustained on 8/22/2014. You saw your Primary Care Physician (PCP) on 8/26/2014. There is no mention of a MRI in that encounter and no record of a request for a MRI. You saw your PCP again on 9/9/2014 and a RFS was written for a MRI of your right shoulder. The CME approved the RFS on 9/17/2014. The MRI was performed on 10-15-2014 as stated in your First Level Response.

(ECF No. 1 at 33.) Although Plaintiff submits a letter from Mercy Hospital which indicates that Dr. Sundaram denied the request for an MRI, there is simply no showing this decision was done in conscious disregard of an excessive risk to Plaintiff's health. Indeed, Plaintiff was evaluated by his PCP on August 26, 2014 (just four days following the incident resulting in the injury), and then again on September 9, 2014, and an MRI was ordered. An MRI was conducted on October 15, 2014, and surgery was conducted on December 18, 2014. Based on the facts as set forth in the complaint, there is no showing that Dr. Sandaram's initial denial of an MRI was done with "deliberate indifference" or that the results of Plaintiff's treatment regimen would have been different had an initial MRI been conducted. The fact that Dr. Sandaram may have been negligent is not sufficient to give rise to a constitutional violation. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990 (an Eighth Amendment claim may not be premised on even gross negligence by a physician). The Court will grant Plaintiff the opportunity to amend the complaint, if he believes he can do so in good faith.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted one additional opportunity to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff fails to cure the deficiencies outlined herein, the amended complaint will be dismissed for failure to state a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

4

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 1, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 29, 2016**

_____
UNITED STATES MAGISTRATE JUDGE