UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WYATT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. SUNDARAM,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00895-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO GRANT DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>[ECF No. 29] |

Plaintiff Ricky Wyatt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to revoke Plaintiff's in forma pauperis and request to dismiss the action pending Plaintiff's payment of the filing fee, filed July 20, 2016.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendant Dr. Sundaram for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Defendant filed an answer to the complaint on Jun 17, 2016, and on June 20, 2016, the Court issued the discovery and scheduling order.

///

///

1

On July 20, 2016, Defendant filed a motion to revoke Plaintiff's in forma pauperis status. Plaintiff did not file an opposition within twenty-one (21) days, and the motion is therefore deemed submitted for review without oral argument.  Local Rule 230(*l*).

## II.
## DISCUSSION

Defendant contends that prior to filing this action, Plaintiff brought no less than three actions while incarcerated that were dismissed for failing to state a claim upon which relief may be granted, and Defendant requests that Plaintiff's in forma pauperis status be revoked and he be required to pay the $400.00 filing fee.

### A.    Legal Standard

The Prison Litigation Reform Act of 1995 (PRLA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that "[I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences."  Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'… We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  In defining the terms frivolous and malicious, the Andrews court held, "[W]e look to their 'ordinary, contemporary, common meaning.'…Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'…A case is malicious if it was filed

with the 'intention or desire to harm another'". Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. El-Shaddai v. Zamora, No. 13-56104, __ F.3d __, 2016 WL 4254980, at *3 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews, 398 F.3d at 1120. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike…. [T]he prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Id.

**B.      Defendant's Request for Judicial Notice**

Defendant requests that the Court take judicial notice of existence and content of the court records from Plaintiff's previous civil court proceedings. (ECF No. 29-2, Exs. A-H.)

It is well established that a court may take judicial notice of its own records. Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967). Therefore, the court grants Defendant's motion to take judicial notice of court documents. (ECF No. 29-2, Exs. A-H.)

///
///
///

**Three or More Strikes Under Section 1915(g)**

1. <u>Wyatt v. Johnson, Case Number 2:97-cv-01789</u>

Plaintiff filed this section 1983 action in the United States District Court for the Eastern District of California on September 23, 1997. On February 18, 1998, Plaintiff filed a request for leave to amend his complaint. On March 5, 1998, the Court granted Plaintiff thirty days to file an amended complaint. Plaintiff filed an amended complaint on March 20, 1998.

On April 16, 1998, the Court dismissed Plaintiff's first amended complaint for failing to state what relief he was seeking (i.e. monetary damages, injunctive relief, etc.), and granted him thirty days to file a second amended complaint. (ECF No. 29-2, Ex. A.) Plaintiff did not file an amended complaint, and on July 6, 1998, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action, without prejudice, for failure to prosecute. (Ex. B.) The Findings and Recommendations were adopted in full and the action was dismissed on August 31, 1998. (Ex. C.)

In <u>Knapp v. Hogan</u>, the Ninth Circuit affirmed the dismissal of a complaint which violated the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a), and the subsequent failure to correct the violation constituted a strike for a violation of that aspect of Rule 8(a). In making such determination, the Ninth Circuit stated:

> [A]fter an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, the judge is left with a complaint that, being irremediably unintelligible, gives rise to an inference that the plaintiff could not state a claim. When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply cannot state a claim.

<u>Knapp v. Hogan</u>, 738 F.3d 1106, 1110 (9th Cir. 2013) (internal quotation marks and citations omitted.)

Rule 8(a) of the Federal Rules of Civil Procedure states:

(a)  Claim for Relief.  A pleading that states a claim for relief must contain:
   (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
   (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
   (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

4

1 Under the plain language of Rule 8(a), in order for a pleading to state a claim for relief, it must
2 contain a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). Stated otherwise, absent a demand for
3 relief, the complaint does not state a claim for relief. Wyatt v. Johnson, Case Number 2:97-cv-01789,
4 was dismissed, without prejudice, pursuant to Local Rule 110 and Federal Rule of Civil Procedure
5 41(b). Although the dismissal was styled as failure to prosecute, the issue underlying the dismissal
6 was that Plaintiff failed to state a claim for relief upon which relief may be granted, as no relief was
7 sought in the complaint. El-Shaddai, 2016 WL 4254980, at *3; O'Neal, 531 F.3d at 1153. The failure
8 to demand any form of relief justifies dismissal without prejudice. See, e.g., Knapp v. Hogan, 738
9 F.3d at 1109, n.1 (noting the overlap between dismissal under Rule 8(a) and 12(b)(6) if the dismissal is
10 for failure to demand any relief); see also Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th
11 Cir. 1993); Dupree v. Lubbock County Jail, 805 F.Supp. 20, 21 (N.D. Tex. 1992) (action dismissed
12 sua sponte for failure to state a claim because no demand for judgment set forth in complaint); Prayer
13 v. Phoenix, No. 92 Civ. 401 (CSH), 1992 WL 350780, at *1 (S.D.N.Y. Nov. 13, 1992) (unpublished)
14 (action dismissed sua sponte for failure to state claim due to the lack of demand for judgment in the
15 amended complaint). Accordingly, the Court finds that this dismissal qualifies as a strike under
16 section 1915(g).

17       2.     Wyatt v. Vance, Case Number 2:00-cv-02543

18 Plaintiff filed this section 1983 action on November 16, 2000, in the United States District
19 Court for the Eastern District of California, alleging violations of his rights under the Fourteenth
20 Amendment. On December 4, 2000, Plaintiff filed a request for leave to amend his complaint. On
21 February 26, 2001, the Court granted Plaintiff thirty days to file an amended complaint. Plaintiff filed
22 a first amended complaint on March 15, 2001.
23 On September 17, 2001, the Court dismissed, with leave to amend, Plaintiff's first amended
24 complaint for failure to state a claim upon which relief may be granted. (ECF No. 29-2, Ex. D.)
25 Plaintiff filed a second amended complaint on November 2, 2001. On December 19, 2001, the
26 Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed
27 for failure to state a claim upon which relief may be granted. (Ex. E.) The Findings and
28 Recommendations were adopted in full and the action was dismissed on April 22, 2001. (Ex. F.)

The dismissal of this action clearly constitutes a "strike" within the meaning of section 1915(g) as it was explicitly dismissed for failure to state a cognizable claim for relief. 28 U.S.C. § 1915(g).

3.  Wyatt v. Stratton, Case Number 2:06-cv-00521

Plaintiff filed this action on February 13, 2006, in the United States District Court for the Central District of California. On February 27, 2006, the action was transferred to the Eastern District of California. Plaintiff subsequently requested leave to amend the complaint, which was granted.

Plaintiff filed a first amended complaint on February 1, 2007. On May 14, 2008, the Court dismissed the first amended complaint, with leave to amend, for failure to state a cognizable claim for relief. Plaintiff filed a second amended complaint on August 31, 2007. The Court screened the second amended complaint and found that it stated cognizable Eighth and Fourteenth Amendment claims.

On April 17, 2008, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that the second amended complaint failed to state a claim upon which relief may be granted. On February 12, 2009, the Magistrate Judge issued Findings and Recommendations recommending that Defendants' motion to dismiss be granted and the action be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 29-2, Ex. G.) On March 25, 2009, the Findings and Recommendations were adopted in full and the action was dismissed for failure to state a cognizable claim for relief. (Ex. H.)

The dismissal of this action clearly constitutes a "strike" within the meaning of section 1915(g) as it was explicitly dismissed for failure to state a cognizable claim for relief. 28 U.S.C. § 1915(g).

**C.  "Imminent Danger" Exception**

If a plaintiff has three strikes under § 1915(g), he may still proceed in forma pauperis if he can show that he was in imminent danger at the time of filing his complaint. Andrews, 493 F.3d at 1053. The "imminent danger" exception "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. Id. at 1055. In order to meet the imminent danger exception, Plaintiff must show he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are

6

immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Nothing in Plaintiff's in forma pauperis application or in his initial complaint suggests that Plaintiff was in imminent danger of physical harm at the time he filed the complaint.[1] Therefore, Defendant has met his burden to show that Plaintiff has three strikes under section 1915(g), and his in forma pauperis status should be revoked.

The burden now shifts to Plaintiff to demonstrate the one or more of the prior dismissal outlined above does not constitute a strike under section 1915(g). There is no evidence presented to demonstrate that Plaintiff does not have three strikes under section 1915(g) or that the "imminent danger" exception applies. Accordingly, Defendant's motion to revoke Plaintiff's in forma pauperis should be granted.

### III.

### RECOMMENDATIONS

Based on foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to revoke Plaintiff's in forma pauperis status under section 1915(g) be granted; and

2. This action be dismissed, without prejudice, unless the Clerk of Court receives the full payment of the filing fee in this action ($400.00) on or before the deadline for filing objections to the Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with

---

[1] In his complaint, Plaintiff alleged the Defendant Dr. Sundaram was deliberately indifferent to his medical needs in 2014, which does not give rise to claim of imminent danger. Plaintiff's allegations do not show that, at the time he filed his complaint, he was in imminent danger of serious physical injury from Defendant's actions which occurred in 2014. See, e.g., Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (the immediate danger of serious physical injury clause is to be assessed at the time of filing the complaint, not at the time of the alleged constitutional violations).

the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 19, 2016**

UNITED STATES MAGISTRATE JUDGE