1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   RICKY WYATT,

12            Plaintiff,

13        v.

14   DR. SUNDARAM,

15            Defendant.

16

)   Case No.: 1:15-cv-00895-DAD-SAB (PC)
)
)
)   ORDER DENYING PLAINTIFF'S MOTIONS
)   TO COMPEL AND REQUESTS FOR
)   REASONABLE EXPENSES
)
)   [ECF Nos. 30, 33]
)
)
)
)

17        Plaintiff Ricky Wyatt is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19        On September 14, 2016, Plaintiff filed a motion to compel, filed September 14, 2016.

20   Defendant filed an opposition on September 20, 2016.  Plaintiff filed a second motion to compel on

21   September 21, 2016.  Because Plaintiff's second motion to compel challenges the same discovery

22   requests as the initial motion to which Defendant filed an opposition, the Court will not await a further

23   opposition by Defendant in rendering a ruling on the motions to compel.

24                                              **I.**

25                                      **LEGAL STANDARD**

26        Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

27   confinement.  As a result, the parties were relieved of some of the requirements which would

28   otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

1

1    involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ.

2    P. 37(a)(1); Local Rules 240, 251; ECF No. 27, Discovery and Scheduling Order, ¶4.  Further, where

3    otherwise discoverable information would pose a threat to the safety and security of the prison or

4    infringe upon a protected privacy interest, a need may arise for the Court to balance interests in

5    determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.

6    Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and

7    language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of

8    Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of

9    Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy

10   that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012

11   WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable

12   information may be accommodated in ways which mitigate institutional safety concerns); Robinson v.

13   Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012)

14   (issuing protective order regarding documents containing information which implicated the safety and

15   security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal.

16   Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to

17   risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No.

18   CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring

19   defendants to submit withheld documents for in camera review or move for a protective order).

20         However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

21   discovery process is subject to the overriding limitation of good faith, and callous disregard of

22   discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

23   1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

24   regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

25   the needs of the case, considering the importance of the issues at stake in the action, the amount in

26   controversy, the parties' relative access to relevant information, the parties' resources, the importance

27   of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

28   outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

1    Generally, if the responding party objects to a discovery request, the party moving to compel

2    bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV

3    S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at

4    *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis

5    v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

6    This requires the moving party to inform the Court which discovery requests are the subject of the

7    motion to compel, and, for each disputed response, why the information sought is relevant and why

8    the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack,

9    2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

## II.

## DISCUSSION

12   This action is proceeding against Defendant Dr. Sundaram for deliberate indifference to a

13   serious medical need in violation of the Eighth Amendment.

### A.    Motion To Compel

15   On or about July 20, 2016, Plaintiff served on Defendant several written discovery requests,

16   including interrogatories, requests for admissions, and requests for production of documents.

17   (Declaration of Joseph R. Wheeler ("Wheeler Decl.") ¶¶ 2-6, ECF No. 32-1.)  The discovery requests

18   were all served by mail.  (Wheeler Decl. at Exs. A, B & C.)   Accordingly, Defendant's deadline to

19   respond to the requests was September 6, 2016.[1]

20   Defendant served his responses to Plaintiff's interrogatories, requests for admission, and

21   requests for production on September 1, 2016.  (Id. at Exs. D, E & F.)  Thus, Defendant timely

22   responded to all three of Plaintiff's written discovery requests.  (Wheeler Decl. ¶¶ 7-11.)

23   In his second motion to compel, Plaintiff acknowledges the responses provided by Defendant,

24   but fails to demonstrate how such responses and/or objections are improper. Plaintiff merely contends

25   that Defendant failed to respond to any of his requests.   Plaintiff has not addressed Defendant's

---

[1] Pursuant to the discovery and scheduling order, the parties were provided forty-five days to respond to discovery requests. (ECF No. 27.) Forty-five days from July 20, 2016, was September 3, 2016.  However, because the requests were served by mail, Defendant's deadline to serve responses was extended an additional three days to September 6, 2016. See Fed. R. Civ. P. 6(d).

1  responses, much less demonstrated that any objections are improper and any information sought is

2  relevant to the instant action.  If Defendant objects to Plaintiff's discovery requests and Plaintiff's

3  believes it is unjustified, it is Plaintiff's burden in his motion to compel to demonstrate why the

4  objections are not justified.  See Glass v. Beer, No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at

5  *1 (E.D. Cal. Mar. 23, 2007).  Plaintiff must inform the Court specifically which discovery requests

6  are at issue in his motion to compel, and for each disputed response, inform the Court why the

7  information sought is relevant and why Defendant's objections are not justified.  See also Hallet v.

8  Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Accordingly, in the absence of any argument from

9  Plaintiff, the Court cannot require Defendant to produce a further response and/or documents to

10  Plaintiff's discovery requests.

11         **B.**      **Requests for Reasonable Expenses**

12         Plaintiff seeks $6.35 and $7.40, respectively, in expenses incurred his filing the instant motions

13  to compel.

14         If a motion to compel discovery is granted, "the court must, after giving an opportunity to be

15  heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable

16  expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5).

17  Plaintiff's pro se status does not insulate him from sanctions for failure to respond to discovery.  See

18  Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions

19  simply because a plaintiff is proceeding pro se); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D.

20  Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

21         Contrary to Plaintiff's claim, Defendant timely responded to Plaintiff's discovery requests, and

22  there is no basis to award Plaintiff's $10,000 in expenses.  Accordingly, because Plaintiff's motions to

23  compel are denied in their entirety, Plaintiff's requests for expenses incurred in filing the instant

24  motions to compel are DENIED.

25  ///

26  ///

27  ///

28  ///

4

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motions to compel, filed September 14, 2016 and September 22, 2016, are

DENIED; and

2.      Plaintiff's requests for reasonable expenses incurred in filing the motions to compel are

DENIED.


IT IS SO ORDERED.

Dated:    **October 5, 2016**

UNITED STATES MAGISTRATE JUDGE

5