UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WYATT,<br><br>         Plaintiff,<br><br>    v.<br><br>SUNDARAM,<br><br>         Defendant. | No. 1:15-cv-00895-DAD-SAB<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND REFERRING BACK TO MAGISTRATE JUDGE<br><br>(Doc. Nos. 29, 31) |

Plaintiff Ricky Wyatt is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 20, 2016, defendant filed a motion to have plaintiff's *in forma pauperis* status revoked under 28 U.S.C. § 1915(g). (Doc. No. 29.) The assigned magistrate judge issued findings and recommendations recommending the motion be granted on September 19, 2016. (Doc. No. 31.) On December 12, 2016, after receiving two extensions of time to file objections, plaintiff filed a notice of his objections to the findings and recommendations. (Doc. No. 39.) Plaintiff ultimately filed his objections to the pending findings and recommendations on December 27, 2016. (Doc. No. 41.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case.  The undersigned declines to adopt the findings and recommendations.  One of plaintiff's three purported strikes cited in defendant's motion to dismiss and relied upon in the findings and recommendations is the dismissal in *Wyatt v. Johnson*, Case No. 2:97-cv-01789 LKK GGH (E.D. Cal.).  (*See* Doc. Nos. 29-1 at 6; 31 at 4.)  In that action, the assigned magistrate judge initially dismissed the complaint with leave to amend because plaintiff had not identified the relief sought.  (Doc. Nos. 29-1 at 2; 31 at 4.)  However, plaintiff failed to file an amended complaint, and the magistrate judge recommended the matter be dismissed due to plaintiff's "failure to prosecute" the action.  (Doc. Nos. 29-1 at 2; 31 at 4.)  The district judge adopted that recommendation.  (*Id.*)  Defendants argue that "after Plaintiff's action was dismissed under Rule 8(a) and Plaintiff was given an opportunity to amend, but failed to do so, Plaintiff's failure to amend gives rise to an inference that he could not state a claim upon which relief may be granted."  (Doc. No. 29-1 at 7.)

The undersigned finds defendant's argument in this regard to be wholly unpersuasive.  The relevant statutory provision bars certain prisoners from proceeding *in forma pauperis* where they have thrice previously "brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("[P]rior dismissals . . . qualify as strikes *only if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim*.") (emphasis added).  In keeping with this directive, courts have held that a dismissal for failure to prosecute does not count as a strike "because it does not fall within the plain language of 28 U.S.C. § 1915(g)."  *Bontemps v. C/O Callison*, 2:13-cv-0360-KJM-AC, 2014 WL 996964, at *1 (E.D. Cal. Mar. 12, 2014); *see also Johnson v. Clays*, No. 2:11-cv-2881-TLN-DAD, 2014 WL 1668472, at *4–5 (E.D. Cal. Apr. 23, 2014) (collecting cases); *Bontemps v. Barnes*, 2:12-cv-2249-DAD, 2014 WL 4377945, at *3–4 (E.D. Cal. Sept. 2, 2014) (collecting cases); *Morris v. Virga*, 2:10-cv-2069-GEB-DAD, 2013 WL 6185244, at *1–2 (E.D. Cal. Nov. 26, 2013); *Hollis v. Gorby*, No. CIV S-09-1627-DAD, 2011 WL 2924322, at *2

(E.D. Cal. July 15, 2011); *Keeton v. Cox*, No. CIV S–06–1094 GEB KJM P, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the actions did not state claims and thus could not have moved forward.").

While "the style of the dismissal or the procedural posture is immaterial" in determining whether a prior case counts as a strike, "the central question is whether the dismissal 'rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). To that end, dismissals on a variety of grounds do not constitute strikes under § 1915(g), including: (1) dismissal for failure to pay a filing fee; (2) dismissal for failure to exhaust, unless the failure to exhaust is apparent from within "the four corners of the complaint"; (3) summary judgment dismissals; (4) appellate affirmance of district court dismissals; and (5) *Heck*-barred § 1983 suits. *Id.* at 1042–47. Moreover, a PLRA strike is only assessed "when the 'case as a whole' is dismissed for a qualifying reason under the Act." *Washington v. Los Angeles Cty. Sheriff's Dept.*, 833 F.3d 1048, 1057 (9th Cir. 2016) (quoting *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007)).

It is true the Ninth Circuit has noted "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013). This is because "after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, 'the judge [is] left with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim.'" *Id.* (quoting *Paul v. Marberry*, 658 F.3d 702 (7th Cir. 2011)). Thus, if the litigant "knowingly and repeatedly refuses" to abide by Rule 8, and the case in question is ultimately dismissed pursuant to Rule 8 despite plaintiff having been granted chances to amend, "it is reasonable to conclude that the litigant simply *cannot* state a claim." *Id.*

Such is not the case here. In the prior case relied upon here, *Wyatt v. Johnson*, Case No. 2:97-cv-01789 (E.D. Cal.), the assigned magistrate judge issued an order dismissing the

3

1  complaint because it did not identify the relief sought, and granted plaintiff leave to file another
2  amended complaint. (Doc. No. 29-2 at 5–6.) No amended complaint was filed, and the action
3  was specifically dismissed pursuant to Rule 41(b), which covers dismissals for failure to
4  prosecute. (*Id.* at 9–14.) An explicit dismissal under Rule 41 in no way infers that the dismissal
5  was actually pursuant to Rule 8 or Rule 12(b)(6), and is certainly not a finding that the action was
6  subject to dismissal as frivolous, malicious, or for failing to state a claim upon which relief may
7  be granted. *See Washington*, 833 F.3d at 1057 (noting that the determination of whether a
8  dismissal constitutes a strike is based on why the case as a whole was dismissed); *Keeton*, 2009
9  WL 650413 at *6.

10  Because the undersigned concludes defendant has failed to carry the burden of
11  demonstrating plaintiff has suffered three prior strike dismissals under the PLRA, the court does
12  not reach plaintiff's arguments that the "imminent danger" exception applies in this instance. *See*
13  28 U.S.C. § 1915(g).

14  Accordingly:

15  1. The court declines to adopt the findings and recommendations (Doc. No. 31), filed on
16  September 19, 2016;

17  2. Defendant's motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 29) is
18  denied; and

19  3. The matter is referred back to the magistrate judge for further proceedings.

20  IT IS SO ORDERED.

21  Dated: **January 30, 2017**
22  UNITED STATES DISTRICT JUDGE