# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WYATT,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. SUNDARAM,<br><br>          Defendant. | Case No.: 1:15-cv-00895-DAD-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 45] |

Plaintiff Ricky Wyatt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for the appointment of counsel, filed April 26, 2017.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///
///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

This case is proceeding on Plaintiff's claim of deliberate indifference against Defendant Dr. Sundaram. The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Contrary to Plaintiff's claim this case is not at the trial stage as Defendant filed a motion for summary judgment on April 26, 2017, the same day the instant motion was filed. Based on the record in this case, the Court does not find exceptional circumstances to warrant appointment of counsel. Accordingly, Plaintiff second motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 27, 2017**

UNITED STATES MAGISTRATE JUDGE