| | |
|---|---|
| RICKY WYATT, | No. 1:15-cv-00895-DAD-SAB |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| SUNDARAM, | (Doc. No. 59) |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On January 31, 2017, the undersigned issued an order declining to adopt the findings and recommendations recommending plaintiff's *in forma pauperis* status be revoked. (Doc. No. 42.) On August 7, 2017, defendant filed a motion to reconsider on the basis of a recently-issued decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017). (Doc. No. 59-1.)

Generally, a motion for reconsideration may be brought in three instances, including "when there has been an intervening change of controlling law." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Here, defendant maintains that the decision in *Harris* represents an intervening change in controlling law, and justifies reconsideration of the court's January 31, 2017 order. In *Harris*, the Ninth Circuit held that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." 863 F.3d at 1143.

1

The holding in *Harris* is inapplicable here. Defendant contends that the dismissal in *Wyatt v. Johnson*, Case No. 2:97-cv-01789 LKK GGH (E.D. Cal.), should be counted as one of three strikes against plaintiff. The court in *Wyatt v. Johnson*, however, dismissed plaintiff's complaint with leave to amend because plaintiff had failed to indicate what relief he sought, not because he failed to state a legally sufficient claim. (*See* Doc. Nos. 29-1 at 2; 31 at 4.) Thus, the dismissal in *Wyatt v. Johnson* was a dismissal under Rule 8(a), which requires every pleading, whether it states a legally sufficient claim or not, to contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Rule 12(b)(6), on the other hand, concerns "the legal sufficiency of the pleadings, not the appropriateness of the relief sought." *United States v. Maricopa Cty.*, 915 F. Supp. 2d 1073, 1082 (D. Ariz. 2012); *see also Traylor v. Avnet, Inc.*, No. CV-08-0918-PHX-FJM, 2008 WL 2945509, at *1 (D. Ariz. July 28, 2008) ("[F]ailure to specify relief to which a plaintiff is entitled would not warrant dismissal for failure to state a claim under Rule 12(b)(6).") In considering whether a complaint was dismissed for failing to state a claim under Rule 8 for purposes of the Prison Litigation Reform Act, the Ninth Circuit has recognized that the district court must look at "the reasons underlying [the dismissal]." *Knapp v. Hogan*, 738 F.3d 1106, 1109–10 (9th Cir. 2013) (concluding that "a Rule 8(a) dismissal is [not] categorically included *or* excluded from counting as a § 1915(g) 'strike'"). In *Wyatt v. Johnson*, this court said nothing about the legal sufficiency of plaintiff's claims raised in his complaint, and it was not dismissed because it failed to state a claim. (Doc. No. 29-2 at 5, 13–14.) Instead, it was dismissed because plaintiff did not indicate what relief was sought.

Because the holding in *Harris* is inapposite here, defendant's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: **September 25, 2017**

UNITED STATES DISTRICT JUDGE

2