# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WYATT,<br><br>   Plaintiff,<br><br> v.<br><br>DR. SUNDARAM,<br><br>   Defendant. | Case No.: 1:15-cv-00895-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO STRIKE SURREPLY<br><br>[ECF Nos. 46, 57] |

Plaintiff Ricky Wyatt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented and Defendants declined United States Magistrate Judge jurisdiction (ECF Nos. 7, 26); therefore, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant Dr. Sundaram's motion for summary judgment, filed April 26, 2017.

## I.

## PROCEDURAL HISTORY

This action is proceeding against Defendant Dr. Sundaram for deliberate indifference to a serious medical need in violation of the Eighth Amendment based on his denial of Mercy Hospital's recommendation for an MRI.

1

On June 17, 2016, Defendant filed an answer to the complaint. On June 17, 2016, the Court issued the discovery and scheduling order.

On April 26, 2017, Defendant filed a motion for summary judgment. Plaintiff filed an opposition on June 21, 2017, and Defendant filed a reply on June 29, 2017. On July 12, 2017, Plaintiff filed a surreply. On July 26, 2017, Defendant filed a motion to strike Plaintiff's surreply.

## II.

## LEGAL STANDARD

### A. Summary Judgment

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and

citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**B.     Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

///
///
///

## III.

## SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

On August 22, 2014, Plaintiff sustained an eye bone fracture and serious right shoulder injury as a result of an altercation. On this date, Plaintiff was transported to Mercy Hospital. Plaintiff received an x-ray for his eye fracture prior to arriving at Mercy Hospital.

Plaintiff was approved for an MRI at Mercy Hospital, but the request was subsequently denied by Dr. Sundaram and Plaintiff was discharged from the hospital without treatment for his shoulder injury. Plaintiff was forced to write multiple medical forms requesting medical treatment, and it was only after Plaintiff filed an inmate grievance that his request for an MRI was approved.

Plaintiff was required to wear handcuffs behind his back at his medical examinations which caused serious pain and suffering, and placed Plaintiff in more imminent danger of further injury. Plaintiff developed frozen shoulder based on the initial denial of an MRI.

## IV.

## UNDISPUTED FACTS

On August 22, 2014, Plaintiff was involved in an altercation, during which he hurt his right shoulder. (Pl.'s First. Amd. Compl. at p. 3, ECF No. 20; Pl.'s Dep. at 11:9-21.) Plaintiff was taken to Mercy Hospital in Bakersfield where an x-ray was taken of his right shoulder. It was unremarkable. There was no fracture and no visible soft tissue swelling. (Decl. of J. Sundaram, M.D., ¶ 6(b); Exs. A and B.) Sometime between 3:37 p.m. and 5:48 p.m. on August 23, 2014, Mercy Hospital requested authorization to perform an MRI on Plaintiff's right shoulder. (Decl. of J. Sundaram, ¶¶ 6(d), 6(e), Exs. C and D.) According to the records of Mercy Hospital, Dr. Sundaram declined to authorize Mercy's request to perform an MRI of Plaintiff's right shoulder. (Decl. of J. Sundaram, ¶¶ 6(e), 6(f), Ex. D.)

---

[1] To the extent Plaintiff is attempting to proceed on the claim of deliberate indifference to his based on the alleged lack of treatment for his orbital bone fracture, no such claim was properly presented in the first amended complaint and Plaintiff's deliberate indifference claim is limited solely to the treatment of his shoulder injury. (See ECF Nos. 1, 17, 20.) Indeed, upon further review of the operative first amended complaint, the allegations set forth therein do not factually support a claim for deliberate indifference against Defendant Dr. Sundaram based on the treatment of Plaintiff's orbital bone fracture. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). **Error! Main Document Only.**

A torn rotator cuff is not a medical emergency. (Decl. of J. Sundaram, ¶ 14.) Mercy Hospital discharged Plaintiff on August 24, 2014, and Plaintiff arrived back to the Substance Abuse Treatment Facility at about 11:45 p.m., at which time he was evaluated by a nurse and discharged back to his housing unit with a plan to see his primary care physician within three days. (Decl. of J. Sundaram, ¶¶ 6(h), 6(i).

Plaintiff was then seen by his primary care physician, Dr. Scharffenberg, on August 26, 2014, at approximately 10:43 a.m., at which point all of Plaintiff's future care related to his right shoulder would be managed by Dr. Scharffenberg. (Decl. of J. Sundaram, ¶ 6(j), Ex. E.)

On or about September 9, 2014, Dr. Scharffenberg requested an MRI of Plaintiff's right shoulder. It was approved on September 17, 2014. (Decl. of J. Sundaram, ¶¶ 6(l), 6(m), Exs. G and H.) An MRI of Plaintiff's right shoulder was performed on October 15, 2014. It confirmed that Plaintiff had suffered a rotator cuff tear in his right shoulder. (Decl. of J. Sundaram, ¶¶ 6(m), Exs. I and J.) Plaintiff was then referred to an orthopedic surgeon, Dr. David Smith, M.D. Dr. Smith saw Plaintiff on October 24, 2014, and recommended surgery to repair the rotator cuff. (Decl. of J. Sundaram, ¶¶ 6(m), 6(n), Exs. I and J.) Surgery to repair Plaintiff's rotator cuff was performed on December 18, 2014. (Decl. of J. Sundaram, ¶ 6(o), Ex. K.)

Dr. Sundaram has never treated Plaintiff. (Pl.'s Dep. at 32:22-25, 33:1-8, 35:24-25, 36:1-6; Decl. of J. Sundaram, ¶ 3.) Dr. Sundaram has never seen or even spoken to Plaintiff. (Pl.'s Dep. at 32:22-25, 33:1-8, 35:24-25, 36:1-6; Decl. of J. Sundaram, ¶ 3.)

## V.

## DISCUSSION

### A. Motion to Strike Plaintiff's Surreply

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse

discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Although Plaintiff does not have a right to file a surreply, in this instance the Court will exercise its discretion and consider the surreply in ruling on Defendant's motion for summary judgment. Accordingly, Defendant's motion to strike the filing of the surreply should be denied.

### B. Arguments of Parties

Defendant Dr. Sundaram argues that Plaintiff cannot establish, by way of admissible, competent evidence, that he was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Dr. Sundaram specifically argues that Plaintiff's shoulder injury was not a medical emergency and it was not medically necessary to have an MRI performed just one day after Plaintiff sustained the injury. Furthermore, even if an MRI had been performed and a rotator cuff tear confirmed, Plaintiff's rotator cuff likely would not have been repaired during his brief stay at Mercy Hospital. Moreover, Dr. Sundaram did not disregard any serious risk of harm to Plaintiff.

In opposition, Plaintiff argues that Defendant Dr. Sundaram denied an MIR without physically examining him whereas Plaintiff had been examined and evaluated by professional doctors at Mercy Hospital who determined that an MRI was medically necessary. The delay of the MRI resulted in "frozen" shoulder. Plaintiff points to documents from the webmd.com. The evidence does not support the finding that Plaintiff received care pursuant to a good treatment plan because Plaintiff had to file extensive grievances and medical requests to receive treatment.

In response, Defendant Dr. Sundaram argues that Plaintiff has not established that it was medically necessary for him to have an MRI of his shoulder on August 23, 2014, just one day after the injury. Further, a mere difference of opinion regarding the proper course of treatment, does not constitute deliberate indifference. Lastly, Plaintiff has not established that Dr. Sundaram was aware of and disregarded a substantial risk of harm.

///

///

**C.      Defendant's Objections to Plaintiff's Evidence**

Defendant objects to paragraphs 9 and 13 of Plaintiff's first declarations, the entirety of Plaintiff's second declaration, and Exhibit A to Plaintiff's second declaration. Defendant's objections to paragraphs 9, 13, and Exhibit A are sustained. Defendant's objection to Plaintiff's second declaration on the ground of relevancy is disregarded given the Court's duty to determine whether there exists a genuine dispute as to any *material* fact, an independent objection to evidence as irrelevant is both unnecessary and unhelpful. See, e.*g.*, Carden v. Chenega Sec. & Protections Servs.*, LLC*, No. CIV 2:09-1799 WBS CMK, 2011 WL 1807384, at *3 (E.D. Cal. May 10, 2011); Arias v. McHugh, No. CIV 2:09-690 WBS GGH, 2010 WL 2511175, at *6 (E.D. Cal. Jun. 17, 2010); Tracchia v. Tilton, No. CIV S-06-2916 GEB KJM P, 2009 WL 3055222, at *3 (E.D. Cal. Sept. 21, 2009); Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1119 (E.D. Cal. Jun. 5, 2006).

In paragraph 9 of Plaintiff's first declaration (ECF NO. 54, at pp. 10-11), he states, in pertinent part, that he disputes Defendant Dr. Sundaram's statements in his declaration as medically and factually untrue. To the extent Plaintiff is attempting to provide medical opinions, Defendant's objection is sustained. As a lay witness, Plaintiff is not qualified to render a medical opinion that Defendant an MRI was medically necessary, that Dr. Sundaram was deliberately indifferent by denying Mercy Hospital's request for perform an MRI before having first examined him, or the medical conditions that resulted from Dr. Sundaram's denial of Mercy's request to perform an MRI. Fed. R. Evid. 701, 702.

In paragraph 13 of Plaintiff's first declaration (ECF No. 54, at pp. 12-14), Plaintiff states that because Mercy Hospital recommended an MRI, Dr. Sundaram's medical decision to deny an MRI is without any medical basis. Defendant's objection is sustained. As previously stated, as a lay witness, Plaintiff is not qualified to render a medical opinion that DR. Sundaram's denial of Mercy's request to perform an MRI was without any medical basis, or that such denial constituted deliberate indifference.

Exhibit A attached to Plaintiff's second declaration (ECF No. 54, at pp. 25-29), which is an informal response to Plaintiff's petition for writ of habeas corpus drafted by attorney, Michael Santoki. Defendant's objection to this exhibit is sustained. To the extent Plaintiff is attempting to use this informal response by staff counsel for the California Correctional Health Care Services to establish

facts regarding his treatment at Mercy Hospital, such documentation is hearsay. Fed. R. Evid. 801-802. Furthermore, there is no evidence that the author, attorney Michael Santoki, has the requisite medical training and expertise to establish how and why Plaintiff's was treated and the documentation cannot be considered. Fed. R. Evid. 701-703.

**D. Analysis**

Plaintiff alleges that Defendant Dr. Sundaram was deliberately indifferent to his serious medical needs by his denial of Mercy Hospital's request to perform an MRI on August 23, 2014.

In order to prevail on his deliberate indifference claim, Plaintiff must prove that the defendant "knows of and disregards an excessive risk to [his] health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and Plaintiff must show that the defendant acted with the requisite state of mind which entails more than ordinary lack of due care, Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.

As an initial matter, Defendant does not argue that Plaintiff's condition did not present an objectively serious medical need and therefore, the Court's focus is limited to whether Defendant acted with deliberate indifference to Plaintiff's torn rotator cuff injury.

The undisputed evidence shows that, on August 23, 2014, an MRI of Plaintiff's shoulder was denied by Dr. Sundaram. A torn rotator cuff is not a medical emergency. (Decl. of J. Sundaram, ¶ 14.) Mercy Hospital discharged Plaintiff on August 24, 2014, and Plaintiff arrived back to the Substance Abuse Treatment Facility at about 11:45 p.m., at which time he was evaluated by a nurse and discharged back to his housing unit with a plan to see his primary care physician within three days. (Decl. of J. Sundaram, ¶¶ 6(h), 6(i).

Plaintiff was then seen by his primary care physician, Dr. Scharffenberg, on August 26, 2014 at approximately 10:43 a.m. (less than thirty-six hours after returning from Mercy Hospital), at which point all of Plaintiff's future care related to his right shoulder would be managed by Dr. Scharffenberg. (Decl. of J. Sundaram, ¶ 6(j), Ex. E.)

On or about September 9, 2014, Dr. Scharffenberg requested an MRI of Plaintiff's right shoulder. It was approved on September 17, 2014. (Decl. of J. Sundaram, ¶¶ 6(l), 6(m), Exs. G and H.) An MRI of Plaintiff's right shoulder was performed on October 15, 2014. It confirmed that Plaintiff had suffered a rotator cuff tear in his right shoulder. (Decl. of J. Sundaram, ¶¶ 6(m), Exs. I and J.) Plaintiff was then referred to an orthopedic surgeon, Dr. David Smith, M.D. Dr. Smith saw Plaintiff on October 24, 2014, and recommended surgery to repair the rotator cuff. (Decl. of J. Sundaram, ¶¶ 6(m), 6(n), Exs. I and J.) Surgery to repair Plaintiff's rotator cuff was performed on December 18, 2014. (Decl. of J. Sundaram, ¶ 6(o), Ex. K.)

Dr. Sundaram has never treated Plaintiff. (Pl.'s Dep. at 32:22-25, 33:1-8, 35:24-25, 36:1-6; Decl. of J. Sundaram, ¶ 3.) Dr. Sundaram has never seen or even spoken to Plaintiff. (Pl.'s Dep. at 32:22-25, 33:1-8, 35:24-25, 36:1-6; Decl. of J. Sundaram, ¶ 3.)

There is no evidence that it was medically necessary for an MRI to be performed on August 23, 2014, just one day after the altercation in which Plaintiff's shoulder was injured. Plaintiff has failed to demonstrate that he was placed at substantial risk of serious harm by the delay of an MRI until he could be evaluated by his primary care physician at the prison which took place on the morning of August 26, 2014 (less than thirty-six hours after returning from Mercy Hospital). In opposition, Plaintiff gives his own interpretation of a rotator cuff injury and need for an MRI and submits a medical article that he claims shows why an MRI was medically necessary. Even assuming such documentation is admissible, the article demonstrates that in order to properly diagnose a rotator cuff injury a physical exam and possible conducting x-rays is the initial starting point. If the diagnosis is still unclear, a doctor "may" order imaging, such as an MRI; however, there is no statement that an MRI is necessary to diagnose a rotator cuff tear. (Pl.'s Opp'n, ECF No. 54, at p. 35.) The webmd.com article also indicates-consistent with the testimony by Dr. Sundaram-that even if a rotator cuff is suspected, surgery is not necessarily the first course of treatment. The article explains that, for most rotator cuff disorders, doctors initially recommend the following preliminary treatments: rest; ice or heat; anti-inflammatory drugs; physical therapy; and steroidal injections. (Id. at pp. 36-37.) More importantly, the article states that "[i]t is important to give treatment time to work. It may take from a couple of weeks to several months to get good results." (Pl.'s Opp'n, ECF No. 54, at p. 36.)

Furthermore, although Mercy Hospital submitted a request to perform an MRI; however, the mere request for an MRI, in and of itself, is not sufficient to establish that an MRI was, in fact, medically necessary. In addition, the fact that a physician at Mercy Hospital believed an MRI was medically necessary just one day after Plaintiff's injury, at most, establishes only a difference of opinion between medical professionals and does not amount to deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("The basis of Sanchez' claim is that a prison doctor, during the course of treatment, advised him that surgery was necessary." "At most, Sanchez has raised a difference of medical opinion regarding his treatment[,]" which does not amount to deliberate indifference); Vaught v. Miranda, No. CIV S-10-1108 DAD P, 2012 WL 525573, at *11 (E.D. Cal. Feb. 16, 2012), aff'd 502 F. App'x 709 (9th Cir. 2013) ("Plaintiff's belief that he should have received an MRI is no more than a difference of opinions between plaintiff and the defendants who provided and/or reviewed his medical treatment."). Although Plaintiff would have liked to have received an MRI and surgery earlier, there is insufficient evidence that requiring consultation by his primary care physician prior to approval of an MRI for his shoulder was medically unacceptable under the circumstances here. See Estelle, 429 U.S. at 107. Accordingly, Defendant's motion for summary judgment should be granted.

## VI.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to strike Plaintiff's surreply be denied;
2. Defendant's motion for summary judgment be granted; and
3. Judgment be entered in favor of Defendant Dr. Sundaram.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with

the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 9, 2017**

UNITED STATES MAGISTRATE JUDGE